Bissell, P. J.
A very brief statement will serve to express our reasons for the affirmance of this judgment. Its brevity is no measure of its difficulty, or the labor essential to its disposition; it is one of those cases barren of a law point. We can perceive no question of law on which the case can be made to turn, at least none which must not ultimately rest on a matter of fact determinable from the testimony. The astute counsel for the appellant has suggested none other, and we may therefore safely assume no other is involved.
Hamburger, the appellee, was the owner of a building on California street between Seventeenth and Eighteenth streets in Denver which was adjacent to the premises occupied by Owen as a saloon. Hamburger’s building was finished in the latter end of April, and was to be ready for occupancy about the first of May. Hamburger was desirous to lease it, and had fixed his rent for a portion of the building at $125 per month. Before he had procured a tenant, but while he was in negotiation with one, he had an interview with Owen in his saloon of a casual character, but which, according to the plaintiff’s witnesses, resulted in an agreement between them with reference to the occupancy of the room and its rental. Hamburger had been negotiating with an organization, known as the “ Mining Bureau,” and had asked them $125 for the room which they were disinclined at the outset to pay. This Mining Bureau seemed to be an organization which attracted a great many people, and it was suggested to Owen, that should they lease it, it would bring about a great many people, and would be likely to very largely increase his daily receipts and incidental profits. This ide”a seemed to strike Owen favorably, and as the plaintiff claimed, he thereupon agreed if Hamburger would lease the premises to the Mining Bureau he would pay the difference between what they wanted to pay and Hamburger’s price, to wit, $25.00 a month for the *336 time that the lower rental should be paid. This proposition was accepted by Hamburger who acted on it, and thereafter he leased the premises to the Mining Bureau at $100 a month for the first three months and $125 a month thereafter. The board went in and so far as the records showed were in at the time the suit was begun and tried. After the lease was made Hamburger applied to Owen for the $25.00 per month for the three months. This Owen refused to pay and the result was this suit.
The only practical question which the appellant presents is, that the evidence does not establish a contract between the parties which is enforcible at law, and this for the reason that it is impossible to gather from the testimony an aggregate mentium which is essential to a contract. Of course, he concedes as he must, that the two promises if proven and followed by performance would be enough to sustain the action, but he insists that the evidence does not disclose any such agreement as the law requires to make a valid obligation. As is evident, this whole question turns on the testimony and what the facts may be with reference to what was done and said between Hamburger and Owen. It might easily be admitted that it would be difficult, if not impossible, for two men to read the evidence and both reach the same conclusion. One might imagine that no contract was shown, and the other be impressed with the idea that enough was proven to entitle the plaintiff to recover. The testimony is so evenly balanced and lacks so much in directness and positiveness we must concede the case is not free from doubt. But where the matters to be determined are wholly those of fact and two trial courts have passed on the question in the plaintiff’s favor, we must under the general rule accept those conclusions as a definite settlement of the disputed propositions and the finding as conclusive. We attach, no importance to the suggestions of fraud but follow the findings of the courts on the facts. There would seem to be little force in the suggestion that other suits will result because the agreement as testified to and as found by the court is that Owen *337 ivas to pay the $25.00, during such time as Hamburger was unable to get $125 monthly rent from the Mining Bureau under the lease. This was only for three months and the judgment being satisfied, there would be on this record no further possibility of recovery.
Being unable to discover any error in the record or any proposition to be considered other than one of fact, respecting which we must accept the finding of the trial court, we must necessarily affirm the judgment.

Affirmed.